ORIGINAL

19MAG 5907

Approved: _____
Matthew J.C. Hellman
Assistant United States Attorney

Before:    THE HONORABLE ROBERT W. LEHRBURGER
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

         - v. -

VIRGILIO ACEVEDO DE LOS SANTOS,
   a/k/a "Jairo Enrique Taveras,"
   a/k/a "Jairo Enrique Fernandez,"
   a/k/a "Jairo Taveras,"
   a/k/a "Jario Taveras,"
   a/k/a "Jean Paul Garcia-Mercado Jr.,"
   a/k/a "Edgar Rafael Cabrera,"
   a/k/a "Junior,"

               Defendant.

**SEALED COMPLAINT**

Violation of
18 U.S.C. §§ 1542,
1001, 911, 1028A,
and 2

COUNTY OF OFFENSE:
BRONX

- - - - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

       FRANK DEBIASE, being duly sworn, deposes and says that he is a Special Agent with the United States Diplomatic Security Service ("DSS"), and charges as follows:

**COUNT ONE**
(False Statement in Application for Passport)

       1.  On or about November 3, 2015, in the Southern District of New York and elsewhere, VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, willfully and knowingly did make false statements in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for his own use, contrary to the laws regulating the issuance of passports and the rules prescribed

pursuant to such laws, to wit, ACEVEDO DE LOS SANTOS submitted a United States passport application form containing false information about his identity, including a name, social security number, and date and place of birth that was not his own.

(Title 18, United States Code, Sections 1542 and 2.)

### COUNT TWO
(False Statement)

2.  On or about November 3, 2015, in the Southern District of New York and elsewhere, VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly did falsify, conceal, and cover up by trick, scheme, and device a material fact, and did make a materially false, fictitious, and fraudulent statement and representation, and did make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to wit, ACEVEDO DE LOS SANTOS submitted a United States passport application form containing false information about his identity, including a name, social security number, and date and place of birth that was not his own.

(Title 18, United States Code, Sections 1001 and 2.)

### COUNT THREE
(False Claim of U.S. Citizenship)

3.  On or about November 3, 2015, in the Southern District of New York and elsewhere, VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, did willfully and falsely represent himself to be a citizen of the United States, to wit, ACEVEDO DE LOS SANTOS, being an alien, submitted a United States

passport application claiming United States citizenship.

(Title 18, United States Code, Sections 911 and 2.)

### COUNT FOUR
(Aggravated Identity Theft)

4.      On or about November 3, 2015, in the Southern District of New York and elsewhere, VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028(c), to wit, ACEVEDO DE LOS SANTOS possessed, used, and transferred the name, social security number, and date and place of birth of another individual to apply for and obtain a United States passport as charged in Count One of this Complaint.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5.      I am a Special Agent with the DSS. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all of the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6.      Through my training and experience as a DSS Special Agent, I have learned the following about the passport application process:

a. To obtain a United States passport, an individual must submit a passport application with information such as the applicant's name, date and place of birth, social security number, family information, and address. A photograph of the applicant must be affixed to the application.

b. The applicant must appear in person before a passport acceptance agent. Before approving any application for a passport, the passport acceptance agent will require the applicant to provide photo identification and proof of citizenship, such as a driver's license and birth certificate, and will verify that the applicant appears to be the same person as the person in the photo identification as well as the same person in the photograph affixed to the passport application. The applicant must then sign the application, thereby certifying that the information on the application is true and correct.

c. If the application is approved, the applicant will be issued a United States passport.

d. To renew a United States passport, an individual may submit the expired or expiring passport along with the required fee and a completed DS-82 form to a United States Passport Office. Similarly, an individual may submit a statement regarding a lost or stolen passport to apply for a new passport when their previously valid or potentially valid United States passport cannot be presented.

e. The DS-82 form requires the applicant to provide information such as the applicant's name, date of birth, social security number, address, and the passport number and issuance date of the passport the applicant seeks to renew. A photograph of the applicant must be affixed to the renewal application. The applicant must then sign the application, thereby certifying that the information on the renewal application is true and correct.

f. If the renewal application is approved, a United States passport will be issued and mailed to the applicant, replacing the expired passport. Similarly, if the application for a new passport is approved in conjunction with a statement regarding a lost or stolen passport, a United States passport will be issued and mailed to the applicant, replacing

their lost or stolen passport.

       7.    Based on my conversations with other law enforcement officers and my review of records maintained by law enforcement, including records maintained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), I have learned the following:

       a.    VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, is a native and citizen of the Dominican Republic. He is not, and has never been, a citizen of the United States.

       8.    Based on my conversations with law enforcement officers and my review of records maintained by law enforcement, I have learned in substance and in part, the following:

       a.    On or about August 12, 1982, an application for a United States passport ("Application-1") in the name of "Jairo Enrique Taveras" was granted. Application-1 included a particular date in 1978 ("Birthday-1") as the applicant's date of birth and a particular social security number ("Social Security Number-1") as the applicant's social security number. Application-1 also included a particular photograph of the applicant (the "Application-1 Photograph"). The applicant also presented a birth certificate issued by the City of New York in support of Application-1. This document was in the name "Jairo Enrique Taveras." The passport issued pursuant to Application-1 was given a particular passport number ("Passport Number-1").

       b.    On or about December 3, 1987, an application for a United States passport ("Application-2") in the name of "Jairo Enrique Taveras" was granted. Application-2 included Birthday-1 as the applicant's date of birth. Application-2 cited Passport Number-1 as a passport previously issued to the applicant. Application-2 also included a particular photograph of the applicant (the "Application-2 Photograph"). The passport issued pursuant to Application-2 was given a particular passport number ("Passport Number-2").

       c.    On or about February 8, 2002, an application

5

for a United States passport ("Application-3") in the name of "Jairo Enrique Taveras" was submitted. Application-3 included Birthday-1 as the applicant's date of birth and Social Security Number-1 as the applicant's social security number. Application-3 cited a passport issued in 1987 as a previously issued passport but did not provide the specific passport number. Application-3 also included a particular photograph of the applicant (the "Application-3 Photograph"). Attached to Application-3 was an Affidavit of Identifying Witness ("Affidavit-1") completed by an individual ("Witness-1") identifying herself as the applicant's sister. In Affidavit-1, Witness-1 certified that the applicant in Application-3 was a citizen or national of the United States. On or about May 3, 2002, a passport was issued pursuant to Application-3 with a particular passport number ("Passport Number-3").

        d.    On or about August 9, 2006, an application for a United States passport ("Application-4") in the name of "Jairo Enrique Taveras" was submitted. Application-4 included Birthday-1 as the applicant's date of birth and Social Security Number-1 as the applicant's social security number. Application-4 cited Passport Number-3 as a passport previously issued to the applicant. Application-4 also included a particular photograph of the applicant (the "Application-4 Photograph"). Attached to Application-4 was a statement regarding a lost or stolen passport. On or about August 15, 2006, a passport was issued pursuant to Application-4 with a particular passport number ("Passport Number-4").

        e.    On or about November 3, 2015, an application for a United States passport ("Application-5") in the name of "Jairo Enrique Taveras" was submitted in or around the Kingsbridge Station Passport Office located at 5517 Broadway, Bronx, NY 10463. Application-5 included Birthday-1 as the applicant's date of birth and Social Security Number-1 as the applicant's social security number. Application-5 cited Passport Number-4 as a passport previously issued to the applicant. Application-5 also included a particular photograph of the applicant (the "Application-5 Photograph"). Attached to Application-5 was a statement regarding a lost or stolen passport. On or about December 14, 2016, a passport was issued pursuant to Application-5 with a particular passport number

("Passport Number-5").

        9.    Based on my conversations with consular officers and my review of records provided by the government of the Dominican Republic, I have learned in substance and in part, and among other things, the following:

        a.    I have reviewed a death certificate provided by the Dominican government (the "Death Certificate"). The Death Certificate states that a person approximately 15 years of age by the name of "Jairo Enrique Taveras Fernandez" died on or about February 8, 1994. The Death Certificate lists the cause(s) of death as severe dehydration, generalized pelvic sepsis, and human immunodeficiency syndrome.

        b.    Citizens of the Dominican Republic are issued a national identification card known as a Cedula de Identidad (the "Cedula"). Each Cedula bears a photograph and fingerprints of the particular person identified therein.

        c.    I have reviewed a Cedula of an individual named "Virgilio Acevedo De Los Santos" dated February 9, 1995 ("Cedula-1"). Cedula-1 bears a photograph (the "Cedula-1 Photograph") and fingerprints (the "Cedula-1 Fingerprints").

        10.    Based on my review of records maintained by the New York State Division of Criminal Justice Services ("NYSDCJS"), I have learned, among other things, the following:

        a.    The NYSDCJS maintains criminal history records pertaining to particular individuals. A particular individual's criminal history records are collected under a number called a New York State Identification Number ("NYSID"). A given NYSID number is linked to the particular individual's fingerprints, date of birth, and social security number, among other things.

        b.    I have viewed criminal history records bearing Birthday-1 and Social Security Number-1. The records are in the name "Jairo Taveras" and are assigned a particular NYSID ("NYSID-1").

        c.    The individual identified under NYSID-1 has

been arrested in New York State approximately five times. On or about January 5, 2007, the individual whose fingerprints are linked to NYSID-1 was arrested in Bronx County, New York under the name "Jario Taveras." On or about December 8, 2009, the individual whose fingerprints are linked to NYSID-1 was arrested in Bronx County, New York under the name "Jairo Taveras." On or about June 15, 2010, the individual whose fingerprints are linked to NYSID-1 was arrested in Queens County, New York under the name "Jairo Taveras." On or about February 11, 2016, the individual whose fingerprints are linked to NYSID-1 was arrested in Bronx County, New York under the name "Jairo Taveras." On or about March 14, 2016, the individual whose fingerprints are linked to NYSID-1 was arrested in Bronx County, New York under the name "Jairo Taveras."

        d.    The NYSDCJS maintains a photograph of the individual whose fingerprints are linked to NYSID-1 (the "Criminal History Photograph").

        11.    Based on my review of records maintained by the New York City Police Department ("NYPD"), I have learned, among other things, the following:

        a.    On or about February 11, 2016, members of the NYPD arrested ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, in Bronx County, New York. At the time he was arrested, the defendant provided the name "Jairo Taveras." Fingerprint impressions were taken of the defendant in connection with this arrest.

        12.    In the course of my investigation, I have spoken with civilian witnesses, including Witness-1. Based on my interviews with Witness-1, I have learned in substance and in part, and among other things, the following:

        a.    Witness-1 was born in New York on a particular date in 1976.

        b.    Witness-1 knew an individual by the name "Jairo Enrique Taveras." Witness-1 stated that "Jairo Enrique

8

Taveras" was her younger brother. Witness-1 further stated that "Jairo Enrique Taveras" died in the Dominican Republic when he was approximately 16 years old following complications from protracted illness and resultant disabilities.

        c.    Witness-1 further stated that she knows an individual by the name "Junior." Witness-1 further stated that "Junior" is not a member of Witness-1's family.

        d.    Witness-1 further stated that she assisted "Junior" in obtaining a United States passport. Specifically, Witness-1 stated that on or about February 8, 2002, Witness-1 submitted Affidavit-1 in connection with Application-3 on behalf of "Junior." Witness-1 further stated that Affidavit-1, which identified "Junior" as her brother, "Jairo Enrique Taveras," was false. Witness-1 further stated that at the time she completed Affidavit-1, her brother, "Jairo Enrique Taveras," was deceased.

        e.    Witness-1 viewed the Application-2 Photograph and identified the particular individual in the photograph as her brother, Jairo Enrique Taveras.

        f.    Witness-1 viewed the Criminal History Photograph and identified the particular individual in the photograph as the individual she knows as "Junior."

        13.    I have compared the Application-1, -2, -3, -4, and -5 Photographs, the Cedula-1 Photograph, and the Criminal History Photograph. Based on my comparison, I believe VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, to be the individual depicted in the Application-3, -4, and -5 Photographs, the Cedula Photograph, and the Criminal History Photograph. I do not believe ACEVEDO DE LOS SANTOS to be the individual depicted in the Application-1 or -2 Photographs.

        14.    Based on my review of fingerprint analysis records, I have learned in substance and in part, the following:

        a.    Fingerprints obtained from VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo

9

Enrique Fernandez," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, at or around the time of his arrest on or about February 11, 2016, match the Cedula-1 Fingerprints.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of VIRGILIO ACEVEDO DE LOS SANTOS, a/k/a "Jairo Enrique Taveras," a/k/a "Jairo Taveras," a/k/a "Jario Taveras," a/k/a "Jean Paul Garcia-Mercado Jr.," a/k/a "Edgar Rafael Cabrera," a/k/a "Junior," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

FRANK DEBIASE
Special Agent
Diplomatic Security Service

Sworn to before me this
___ day of June, 2019

THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

10